[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Kenneth Smith appeals from the judgment of the trial court that adopted the magistrate's decision and found in favor of the defendants-appellees both on their counterclaim for $3,720 in past rent paid, plus court costs, and on Smith's complaint against them. Smith had sought relief for the failure to pay rent for over one full month, as well as for damages to his rental property.
On appeal, Smith's single assignment of error is that the trial court erred when it overruled his objections to the magistrate's decision, because (1) the magistrate committed error by utilizing a Norwood, Ohio, ordinance in its decision, as it conflicted with R.C. Chapter 5321 provisions, and (2) the magistrate's decision was an abuse of discretion. For the following reasons, we affirm the trial court's judgment.
R.C. 5321.04(A)(1) requires a landlord, among other things, to comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety. R.C. 5321.19
states in part that the provisions of R.C. Chapter 5321 do not preempt any housing, building, health, or safety code or any ordinance, as described in R.C. 5321.04(A)(9), of any municipal corporation or township. Norwood Building Code 1305.08 requires a certificate of use and occupancy for rental property. There is no conflict between the statutory provisions.
Norwood Building Code 1305.08(k) provides, in part, that having a certificate is a condition precedent for the collection of rent for any unit let within the city, and that a property owner's failure to obtain and maintain a current certificate of use and occupancy constitutes a complete defense to payment of rent for any unit lacking a current certificate of use and occupancy. Smith conceded that he had no such certificate of occupancy. The magistrate reviewed Smith's documentation and explanations for claimed damage beyond that of normal wear and tear, but was not persuaded that the damages were as Smith claimed.
The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. See Delaney v.Skyline Lodge, Inc. (1994), 95 Ohio App.3d 264, 276, 642 N.E.2d 395,403; see, also, State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. We have examined the entire record and hold that the trial court's judgment was supported by competent, credible evidence. See C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.